### GOLDSTEIN et al. v. MESSING.

(Supreme Court, Appellate Term.   June 6, 1907.)

FRAUD—GROUNDS OF ACTION—GIVING WORTHLESS CHECK.

Where a check was given in payment for goods long before delivered, and no property was parted with in reliance upon anything that was said or done at the time it was given and accepted, and there was no proof of false material representations, the fact that the check was not paid by the bank did not give rise to an action for fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 17–24.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Charles Goldstein and another against Joe Messing. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Samuel Fine, for appellant.

FITZGERALD, J.   Plaintiffs sold and delivered goods to defendant on March 30, 1906, and two weeks thereafter, or on the 14th or 15th of April, received from defendant a check, which was dated April 28th, upon which date said check was presented at the bank and returned unpaid.   It was conceded on the trial that there were not sufficient funds in the bank to meet the check.   The action was for fraud, and upon these facts judgment was given for plaintiff for $155.38, the amount of the claim, with interest and costs.

None of the elements requisite to maintain an action for fraud were established.   There was no proof of false material representations. The check was given in payment of an antecedent debt.   No property was parted with in reliance upon anything that was said or done at the time it was given and accepted.   The fact that it was dated in advance of the time of its acceptance as a payment for goods long theretofore delivered conclusively rebuts any claim for damage.   The judgment, under the circumstances disclosed, must be reversed.   Arthur v. Griswold, 112 N. Y. 454, 20 N. E. 376; Kuelling v. Lean Mfg. Co., 183 N. Y. 78, 75 N. E. 1098, 2 L. R. A. (N. S.) 303, 111 Am. St. Rep. 691.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.